

# U.S. Department of Justice

*United States Attorney*
*District of Delaware*

*Hercules Building*
*1313 N. Market Street*
*P. O. Box 2046*                                                                      *(302) 573-6277*
*Wilmington, Delaware   19899-2046*                              *FAX (302) 573-6220*

March 8, 2023

**VIA CM/ECF**

The Honorable Richard G. Andrews, Judge
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

    Re:  **_United States v. James Cooper_, Criminal Case No. 22-70-RGA**

Dear Judge Andrews,

       The government hereby submits this letter sentencing memorandum in the above-captioned case.  The United States recommends that the Court impose a period of incarceration of 48 months, followed by 4 years of supervised release, no fine, and a $100 special assessment. As it does in all cases, the government includes herewith Attachment A, filed under seal.

       A sentence of 48 months of incarceration achieves the goals of sentencing outlined in 18 U.S.C. § 3553(a).  D.I. 25 (Amended Presentence Investigation Report ("PSR")) at ¶ 135.  First, a sentence of 48 months' imprisonment reflects the serious of the Defendant's conduct. Drug dealing, especially fentanyl, is a serious crime.

       To protect the public, the Court must impose a sentence consistent with such a serious crime.  The District of Delaware is routinely ravaged by the opioid crisis as overdose numbers continue to rise here and nationwide. The Defendant's drug dealing placed himself, and numerous others, at risk.

       In addition, the Defendant's history and characteristics favor a sentence of 48 months of incarceration.  The Defendant has a criminal history, despite only scoring as CH-II, which spans virtually his entire life.  In fact, the Defendant's first arrest occurred at age 11. He has repeatedly committed crimes involving drugs and drug dealing, including a prior conviction for selling opioids.  PSR at ¶¶ 51-80.  The Defendant's criminal history indicates a willingness to recidivate and a disregard for the law. Therefore, the Court must impose a sentence consistent with the Defendant's life of crime that is sufficient but not greater than necessary.

1

Finally, the national median for a CH-II defendant, who sold fentanyl in Zone D of the Guidelines is 51 months. See https://ida.ussc.gov/analytics/saw.dll?Dashboard. Therefore, the requested sentence of 48 months is also sufficient but not greater than necessary as it avoids any unwarranted sentencing disparity. See 18 U.S.C. § 3553(a)(6).

In sum, a sentence of 48 months of incarceration, followed by 4 years of supervised release, no fine, and a $100 special assessment is sufficient but not greater than necessary under 18 U.S.C. § 3553(a).

Respectfully Submitted,

DAVID C. WEISS
United States Attorney

By: _____
Kevin P. Pierce
Assistant United States Attorney
