# Law Offices of Michael N. Huff

Admitted in PA, NJ & NY State & Federal CourtsAttorney At Law

**PHILADELPHIA OFFICE:**
1333 Race Street
Philadelphia, PA 19107
(215) 432-7311
Fax: (610) 278-5941
Email: *michael.huff.esq@gmail.com*

March 10, 2023

*Filed via ECF*

The Honorable Richard G. Andrews, Judge
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

RE:U.S. v. James Cooper
Criminal No.: 22-70-RGA
Sentencing:  March 15, 2023 at 2:00 p.m. in room 6A

Dear Judge Andrews:

The Defendant, James Cooper, by and through his undersigned counsel respectfully submits this Letter Sentencing Memorandum to assist the Court in determining a fair and just sentence. For the reasons stated herein, Counsel argues that a sentence of **41 months or less** with credit from July 29, 2022 would be reasonable and sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

**PRESENTENCE INVESTIGATION REPORT**

Counsel for the Defendant has reviewed the Draft Presentence Investigation Report ("PSR") dated January 27, 2023 and the Final PSR dated February 23, 2023 with Mr. Cooper. The Defendant has no additions, corrections, objections or Motions for Downward Departures under the USSG. Counsel agrees that the Total Offense Level is a 21 and the Criminal History

Category is a II with a corresponding advisory United States Sentencing Guidelines ("USSG") range of **41 to 51 months**. PSR at ¶ 116 (2/23/2023). The Total Offense Level of 21 includes a two (2) point reduction pursuant to USSG § 5C1.2(a)(1)-(5) (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) and USSG § 2D1.1(b)(18). However, with the mandatory minimum of five (5) years under Count One charging Conspiracy to Possess with Intent to Deliver contrary to Title 21 U.S.C. § 841(a)(1), (b)(1)(B) and in violation of Title 21 U.S.C. § 846, the USSG becomes **60 months**. PSR at ¶ 116 (2/23/2023). The Court, however, may sentencing the Defendant to less than the 60 months mandatory minimum because the Defendant qualifies for a Safety Value reduction under 18 U.S.C. § 3553(f)(1)-(5).

## MOTION FOR VARIANCE

In this case, because Mr. Cooper's USSG range of 41 to 51 months is less than the 60 months mandatory minimum, Mr. Cooper does not realize a benefit from the two (2) point downward reduction to his USSG advisory range. Counsel argues that this arbitrary, unfair result punishes Mr. Cooper for having a USSG range less than the mandatory minimum and rewards defendants who are charged with either more serious crimes or have a greater criminal history score. As a result of this unfair but legal application of the USSG and Safety Valve, Counsel for the Defendant suggests that the Court sentence Mr. Cooper to 41 months or less for this reasons and the reasons to follow.

The Defendant respectfully requests that the Court grant a Motion for Variance under 18 U.S.C. § 3553(a) factors. Title 18 U.S.C. § 3553(a) provides:

(a)   Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for -

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines -

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement -

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any

      amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B)  that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

 (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

 (7)  the need to provide restitution to any victims of the offense.

  What stands out the most in Mr. Cooper's background is his strong relationship with his wife, Marguerite Cooper, family support and his work history. Mr. Cooper met his wife in 2017 and has been married since August 23, 2021. Mr. Cooper and Marguerite own their own home in Magnolia, Delaware. Marguerite Cooper has three daughters from previous relationships ranging in age from 9 years old to 20 years old. Mr. Cooper is raising Ms. Cooper's daughters as his own. Mr. Cooper has three children from his own previous relationships ranging in age from 5 years old to 12 years old. Mr. Cooper was paying child support for his children prior to his incarceration. Mrs. Cooper describes their marriage as strong and she remains supportive. Mrs. Cooper further describes Mr. Cooper as a great father. Mr. Cooper will to return to his wife, mother-in-law (who lives with them) and children when released from custody. Letters of support for Mr. Cooper will be emailed to the Court and Counsel for the Government.

  Secondly, Mr. Cooper is no stranger to hard work. Mr. Cooper and his wife owned a cleaning business called Cooper Cleaning earning approximately $1,400 per month. Mr. Cooper worked as a cleaner as well as securing contracts for the business which included a church, veterinary hospital, several Airbnb properties, and four storage units. As the Court is aware, many defendants are forced into self-employment due to a lack of job opportunities for people with criminal records. Starting and maintaining a business is no easy feat. "Within their first

two years, 20% of businesses fail, within five years, 45%, and within 10 years, 65% fail. Yet, small businesses comprise 99.9% of businesses in the United States." https://www.thinkimpact.com/entrepreneur-statistics/. Unfortunately, due to Mr. Cooper's incarceration, inability to work and obtain cleaning contracts, Mrs. Cooper had to close their business. Mrs. Cooper has been forced to take care of her mother and children all while working full time. Mrs. Cooper and her mother both have health issues. Mr. Cooper's incarceration has had a negative impact on the Cooper family finances and emotional well being.

Prior to starting Cooper Cleaning, Mr. Cooper worked at three restaurants simultaneously. Mr. Cooper worked at Lemon Leaf Café from 7:00 am to 12:00 p.m. in Smyrna, Delaware, Bob Evan's from lunch until 5:00 p.m., and the Cheddar Scratch Kitchen from 5:00 p.m. to closing. Prior to working these three jobs, Mr. Cooper worked for Joe's Crab Shack in Wilmington, Delaware from July of 2013 until September of 2015. Mr. Cooper also worked for Applebee's in Newark, Delaware earning $12 per hour as a cook. Mrs. Cooper believes the Defendant's actions in this case were financially driven due to fluctuations in income. As the Court is aware, many people turn to the black market in order to supplement low wages from legal employment.

For the reasons stated above, the Defendant respectfully requests the Court impose a sentence of 41 months or less.

Respectfully submitted,

*/s/ M. Huff*

MICHAEL N. HUFF, ESQUIRE
Attorney for the Defendant

MNH/mh
cc: Court, Counsel and Robert Cywinski, U.S.P.O